IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CAMELOT CLUB CONDOMINIUM ASSOCIATION, INC., | : : : | CIVIL ACTION NO. 1:18-CV-1695-TWT-JSA |
| Plaintiff, | : : | |
| v. | : : | |
| JAMES STEWART, and All Other Occupants, | : : : | |
| Defendants. | : : | **ORDER AND FINAL REPORT AND RECOMMENDATION** |

Defendant James Stewart, proceeding *pro se*, seeks leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs. Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] indicates that the Defendant is unable to pay the filing fee or to incur the costs of these proceedings. Defendant thus satisfies the requirements of 28 U.S.C. § 1915(a)(1), and Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**. This action shall therefore proceed as any other civil action, and Defendant shall be allowed to proceed without prepayment of a filing fee.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The

undersigned must therefore examine Defendant's Notice of Removal [1-1] and Petition for Removal [1-2] to determine whether this Court has jurisdiction over Plaintiff's claims. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Defendant's Notice of Removal and Petition for Removal do not appear to contend that Plaintiff has asserted any federal claims in the subject state-court action. It is not entirely clear, but it appears that Defendant is attempting to assert counterclaims or defenses under federal law. Defendant alleges that "[t]he proceedings occurring in violation of the, 15 USC 1692(A), and the Fourteenth Amendment of the U.S . Constitution." Notice of Removal at 2. He also alleges that "[t]he proceedings occurring in violation of the and the Respondent's service of process is Unconstitutional with respect to the 'Due Process Clauses' 14th Amendment with defective service." Pet. Removal ¶ 1. Thus, it appears that Defendant is alleging that this Court has subject matter jurisdiction over this case on the basis of a federal question. The Court has reviewed the record, however, and determines that Defendant has not established federal question jurisdiction.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

2

States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state-court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

In this case, a review of the record reveals that Plaintiff has asserted no federal claims. Instead, Defendant's Petition for Removal indicates that Plaintiff's action in the Magistrate Court of Fulton County is a dispossessory action to evict Defendant as a tenant for "Violation of Condominium Declaration/Failure to pay rent to Association." *See* Pet. Removal and attachments. An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law. Defendant has not identified any federal question that Plaintiff's state-court dispossessory action raises. To the extent that Defendant is attempting to remove this action by asserting defenses or counterclaims that invoke federal statutes or the federal Constitution, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer

jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("Defendants' defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Defendant has not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). But even if Defendant had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant states in the Civil Cover Sheet [1-3] that he is a resident of College Park, Georgia, and does not allege citizenship in any other state. *See* Civil Cover Sheet ¶ I(c). Thus, this action may not be removed on the basis of diversity jurisdiction.

Accordingly, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed above, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly,

the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 25th day of April, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE